[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13461
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cr-00016-WTM-JEG-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATTHEW L. BLACK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 31, 2011)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Matthew Black pleaded guilty to conspiracy to commit three robberies, in

violation of Hobbs Act. 18 U.S.C. § 1951. He and two co-conspirators—Andrew

Holt and Amanda Cosgrove—robbed a commercial business and two federally insured banks. On appeal, Black argues that the district court committed clear error in sentencing him as an "organizer" or "leader" under U.S.S.G. § 3B1.1(c). He also contends that his 97-month sentence is substantively unreasonable because it creates an unwarranted disparity between Black and one of his co-conspirators, who received a 27-month sentence. After reviewing the record and the parties' briefs, we affirm.

I.

We review for clear error the district court's determination that Black acted as "an organizer, leader, manager, or supervisor" for the purposes of U.S.S.G. § 3B1.1(c). *United States v. Rodriguez De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525 (1948).

The Sentencing Guidelines allow for an increase in the offense level based on the defendant's role in a given crime. A two-level enhancement is applied if the defendant "was an organizer, leader, manager, or supervisor" in the criminal

2

activity. U.S.S.G. § 3B1.1(c). In deciding whether such an increase is appropriate, the district court considers

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id*. § 3B1.1 n.4. "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy," however, the enhancement "does not apply to a defendant who merely suggests committing the offense." *Id*.

This Court has held that "the assertion of control or influence" over a single individual is sufficient to support a § 3B1.1(c) enhancement. *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000). For example, a defendant's decision to recruit, prompt others to purchase weapons, and brief another on the plan details is sufficient to warrant the offense-level increase. *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004).

Despite the existence of isolated facts indicating that any given member was a "leader," we seriously doubt that it is possible to extend the leadership

enhancement to every member of a conspiracy,  Here, however, we cannot conclude that the district court clearly erred as Black's actions sufficiently support its determination.  Black concedes that he "was not a mere follower," and the pre-sentence investigation report confirms that.  He suggested committing the crime, and while this alone is insufficient to justify the enhancement, he went further and, *inter alia*, enlisted the two other co-conspirators.  He involved himself in the planning and execution of each of the robberies.  He encouraged Holt to procure a gun.  Black's argument that Cosgrove played a greater leadership role does not foreclose the conclusion that the enhancement is appropriate for Black.  Accordingly, we uphold the district court's application of the sentence enhancement.

## II.

We review the sentence imposed by the district court for reasonableness.  *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam).  The review is deferential, and a defendant challenging his sentence bears the burden of showing that his sentence is unreasonable.  *Id*. at 788.  At sentencing, the district court must consider the factors listed in 18 U.S.C. § 3553(a), which include avoiding unwarranted sentencing disparities between similarly situated defendants.  *See* 18 U.S.C. § 3553(a)(6).  However, there cannot be an

unwarranted sentencing disparity between defendants that are not similarly situated. *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009). In other words, "'[a] well-founded claim of disparity . . . assumes that apples are being compared to apples.'" *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)) .

Here, Black focuses on the disparity between his sentence and the 27-month sentence Holt received. Black, however, fails to appreciate that he and Holt are not similarly situated. Most importantly, Black pleaded guilty to conspiracy to commit three robberies while Holt pleaded guilty to one robbery. Furthermore, Holt provided more assistance to the government than Black in an unrelated investigation, resulting in the government filing a § 5K1.1 substantial-assistance motion based on "very significant" assistance—rather than "significant" assistance—on Holt's behalf. As the two are not similarly situated, Black's argument is misguided and fails.

III.

We determine that the district court did not clearly err in sentencing Black as a "leader" or "organizer" for his role in the three robberies at issue. Furthermore, the sentence imposed for his criminal conduct is reasonable. Accordingly, we affirm.

5

**AFFIRMED.**